T.C. Memo. 2006-93

UNITED STATES TAX COURT

ANDREA McQUARRIE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8156-05.                    Filed May 2, 2006.

Andrea McQuarrie, pro se.

Jamie J. Song, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, Judge:  Respondent determined a deficiency in
petitioner's 2003 Federal income tax of $948.  After
concessions,[1] the issues for decision are:  (1) Whether

---

[1]  Respondent concedes that $660 received by petitioner from
Greyhound Lines, Inc., should not be included in her taxable
income.  Respondent also concedes that petitioner was entitled to
(continued...)

petitioner must include $2,800 in gambling winnings in her gross income for 2003; (2) whether she can use her gambling losses to offset her gambling winnings; and (3) whether any portion of her Social Security disability benefits is includable in her gross income for 2003.[2]

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. At the time she filed the petition, petitioner resided in Raynham, Massachusetts.

During 2003, petitioner attended a driver training program for Greyhound Lines, Inc. (Greyhound). After completion, petitioner was employed as a driver for Greyhound. However, after working only a couple of months, petitioner could no longer drive due to physical ailments.

During 2003, petitioner was not engaged in the trade or business of gambling. However, petitioner won two slot machine

---

[1](...continued)
a child tax credit not claimed on petitioner's 2003 tax return.

[2] Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure. All amounts are rounded to the nearest dollar.

While not in issue, the amounts of the child tax credit, additional child credit, and the earned income credit that petitioner is entitled to is dependent upon the resolution of the issues for decision in this case and should be addressed in the parties' Rule 155 computations.

jackpots of $1,200 and $1,600, from Mashantucket Pequot Gaming Enterprise/Foxwoods Casino Resort (Foxwoods) and Cache Creek Casino Resort (Cache Creek), respectively. Foxwoods and Cache Creek sent petitioner Forms W-2G, Certain Gambling Winnings, reflecting the jackpot payments. Petitioner's gambling losses exceeded her gambling winnings in 2003.

Petitioner received Social Security disability benefits of $10,312 during 2003.

On April 15, 2004, petitioner filed a Form 1040, U.S. Individual Income Tax Return, for 2003. Petitioner claimed head of household filing status. Petitioner reported wage income of $12,126, pension distributions of $1,657, and unemployment compensation of $4,566, for total income of $18,349. Petitioner deducted $3,000 for qualified tuition and related expenses and reported adjusted gross income of $15,349. After taking a standard deduction of $7,000, an earned income credit of $3,868, and an additional child tax credit of $163, petitioner requested a refund of $6,108. Petitioner did not report her gambling winnings or her Social Security disability benefits.

On April 4, 2005, respondent sent petitioner a notice of deficiency for 2003. Using information received from third parties, respondent determined petitioner received but did not report: (1) Gambling income from Foxwoods of $1,200; (2) gambling income from Cache Creek of $1,600; and (3) Social

Security payments of $10,312, of which $914 was includable in gross income.[3] As a result, respondent determined a deficiency in petitioner's 2003 Federal income tax of $948.

On April 25, 2005, petitioner filed a petition with this Court. Upon order of the Court, petitioner filed an amended petition on May 16, 2005, contesting respondent's determinations in the notice of deficiency.

OPINION

The first issue for decision is whether petitioner must include $2,800 in gambling winnings in her gross income for 2003. For Federal income tax purposes, "gross income" means "all income from whatever source derived", including gambling. Sec. 61(a); Lutz v. Commissioner, T.C. Memo. 2002-89. Therefore, we hold that petitioner must include $2,800 in gambling winnings in her gross income for 2003.

The second issue for decision is whether petitioner may use her gambling losses to offset her gambling winnings. In the case of a taxpayer not engaged in the trade or business of gambling, gambling losses are allowable as an itemized deduction, but only to the extent of gambling winnings. See sec. 165(d). If such a taxpayer takes the standard deduction instead of itemizing her

---

[3] Respondent also determined that petitioner received non-employee compensation of $660 from Greyhound. Respondent concedes that this amount should not be included in petitioner's taxable income. See supra note 1.

deductions, she may not deduct any gambling losses.  See <u>Torpie v. Commissioner</u>, T.C. Memo. 2000-168.

Petitioner credibly testified, and we have so found, that her gambling losses exceeded her gambling winnings in 2003. However, because petitioner was not engaged in the trade or business of gambling, she would have to forgo the standard deduction to deduct her gambling losses as an itemized deduction. See sec. 63(a) and (b); <u>Torpie v. Commissioner</u>, <u>supra</u>. Petitioner's standard deduction ($7,000) exceeds her potential itemized deduction for gambling losses ($2,800).[4]  Thus, petitioner's election to take the standard deduction resulted in a larger deduction than had she taken an itemized deduction for her gambling losses.  Because petitioner elected to take the standard deduction, we hold that she cannot take an itemized deduction for her gambling losses to offset her gambling winnings.  See sec. 63(a) and (b); <u>Torpie v. Commissioner</u>, <u>supra</u>.

The final issue for decision is whether any portion of petitioner's Social Security disability benefits are includable in her gross income for 2003.  Respondent determined that $914 of petitioner's benefits are so included.

Section 86(a) requires the inclusion of a portion of Social Security benefits in gross income when the sum of the taxpayer's

---

[4]  Petitioner presented no evidence that she was entitled to other itemized deductions beyond that for her gambling losses.

modified adjusted gross income[5] plus one-half of her Social Security benefits exceeds certain threshold amounts. In the case of a head of household return, when this sum exceeds $25,000, the lesser of 50 percent of such excess or 50 percent of the Social Security benefits must be included in gross income. Sec. 86(a)(1), (c)(1)(A).

Petitioner's reported modified adjusted gross income for 2003 was $18,349.[6] As found above, petitioner must include $2,800 in gambling winnings in her gross income, which increases her modified adjusted gross income to $21,149. The sum of petitioner's modified adjusted gross income and half of her Social Security disability benefits[7] equals $26,305. Because this amount exceeds $25,000, we hold that petitioner must include $653 of her Social Security benefits in her gross income for 2003.[8] See sec. 86(a)(1), (c)(1)(A).

---

[5] As applicable to the instant case, modified adjusted gross income is the taxpayer's adjusted gross income plus deductions for qualified tuition and related expenses. Sec. 86(b)(2)(A); see also sec. 222.

[6] Petitioner reported adjusted gross income of $15,349, to which her $3,000 deduction for qualified tuition and related expenses was added to determine her modified adjusted gross income. See sec. 86(b)(2)(A).

[7] Half of petitioner's Social Security benefit ($10,312 in total) equals $5,156.

[8] $26,305 less $25,000 equals $1,305. Fifty percent of $1,305 equals $652.50.

In reaching our holdings, we have considered all arguments made, and, to the extent not mentioned, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.